Julie A. Herzog SBN 117102
Law Office of Julie A. Herzog
18980 Ventura Boulevard, Second Floor, #230
Tarzana, California 91356
(818) 888-6659 Fax (818) 888-9140
lawwings@earthlink.net

Attorney for Defendant
Sunlas Building, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONG KOO,<br><br>                    Plaintiff,<br><br>vs.<br><br>E.M. PIZZA, INC. d/b/a DOMINO'S PIZZA #8358; SUNLAS BUILDING, LLC; and DOES 1 to 10 inclusive,<br><br>                    Defendants.<br>_____ | Case No. 2:19-cv-01879-GW-KS<br><br>ANSWER TO COMPLAINT |

Defendant Sunlas Building, LLC hereby answers the Complaint of Plaintiff Yong Koo as follows:

1. Defendant lacks sufficient information or belief to be able to answer paragraph 1 of the Complaint and based thereon denies the allegations of paragraph 1 of the Complaint.

2. Answering paragraph 2 of the Complaint, defendant admits that defendant E.M. Pizza, Inc. dba Domino's Pizza #8358 is a tenant at the real property located at 1381 W. Sunset Blvd., Ste B, Los Angeles, CA 90026 ("Subject Property") and that defendant Sunlas Building, LLC is the owner of the Subject Property.  Except as expressly admitted herein, Defendant denies the allegations of paragraph 2 of the Complaint.

3. Defendant lacks sufficient information or belief to be able to answer paragraph 3

1
ANSWER TO COMPLAINT

of the Complaint and based thereon denies the allegations of paragraph 3 of the Complaint.

4.  Defendant denies the allegations of paragraph 4 of the Complaint.

5.  Defendant lacks sufficient information or belief to be able to answer paragraph 5 of the Complaint and based thereon denies the allegations of paragraph 5 of the Complaint.

6.  Defendant lacks sufficient information or belief to be able to answer paragraph 6, 7, 8, 9 and 10 of the Complaint, and based thereon denies the allegations of paragraph 6, 7, 8, 9 and 10 of the Complaint.

7.  Answering paragraph 11 of the Complaint, defendant admits that the Domino's Pizza at the Subject Property is a take-out restaurant open to the public.  Except as expressly admitted herein, Defendant denies the remainder of the allegations of paragraph 11.

8.   Defendant lacks sufficient information or belief to be able to answer paragraph 12 of the Complaint and based thereon denies the allegations of paragraph 12 of the Complaint.

9.  Defendant denies the allegations of paragraphs 13 and 14 of the Complaint, and specifically denies that the van spaces lacks adequate signage and ground painting and/or that the alleged failure to have a sign indicating "$250 fine" or "Unauthorized Parking" created barriers to Plaintiff's alleged ability to enjoy full and equal access to Domino's Pizza and/or caused him difficulty and frustration.

10.  Defendant lacks sufficient information or belief to be able to answer paragraph 15 of the Complaint and based thereon denies the allegations of paragraph 15 of the Complaint.

11.  Defendant denies the allegations of paragraph 16 of the Complaint.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

12. Defendant incorporates herein by this reference its answers to paragraphs 1 through 16 inclusive of the Complaint as though set forth in full.

13.  Paragraphs 19 through 23 of the Complaint are allegations regarding the provisions of the Americans with Disability Act and the California Building Code and in answer to said paragraphs, defendant admits that said laws govern van accessible parking spaces and the signage to be included with said parking spaces and further alleges that the

referenced code sections speak for themselves.

14. In answer to paragraph 24 of the Complaint, defendant alleges that at all times relevant hereto they have had signage for the van accessible spaces at the subject property, and that they have or will have within the applicable notice period the required signage stating "Minimum fine $250" and/or "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or special license plates issued for persons with disabilities will be towed always at the owner's expense…"

15. In answer to paragraph 25 and 26 of the Complaint, defendant alleges that at all times relevant hereto it has had the ground painting for the van accessible spaces at the subject property, including the words "NO PARKING."  Except as alleged herein, defendant denies the allegations of paragraph 25 and 26 of the Complaint.

16. Answering paragraph 27 of the Complaint, defendant alleges that 28 C.F.R. 35.211(a) speaks for itself.

17.  Defendant denies the allegations of paragraphs 28 and 29 of the Complaint.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

18. Answering paragraph 30 of the Complaint, Defendant incorporates herein by this reference its answers to paragraphs 1 through 29 inclusive of the Complaint as though set forth in full.

19. Paragraphs 31 through 34 of the Complaint are allegations regarding portions of the provisions of the California Unruh Civil Rights Acts and in answer to said paragraphs, defendant admits that the referenced code sections speak for themselves.

20.  Defendant denies the allegations of paragraphs 34 and 35 of the Complaint.

## THIRD CLAIM FOR RELIEF

### VIOLATION OF CALIFORNIA DISABLED PERSONS ACT

21. Answering paragraph 36 of the Complaint, defendant incorporates herein by this reference its answers to paragraphs 1 through 35 inclusive of the Complaint as though set forth in full.

3
ANSWER TO COMPLAINT

22. Paragraphs 37 through 39 of the Complaint are allegations regarding portions of the provisions of the California Disabled Persons Act and in answer to said paragraphs, defendant admits that the referenced code sections speak for themselves.

23.  Defendant denies the allegations of paragraphs 40 and 41 of the Complaint.

### FOURTH CLAIM FOR RELIEF

### CALIFORNIA HEALTH & SAFETY CODE § 19955, et seq.

24. Answering paragraph 42 of the Complaint, defendant incorporates herein by this reference its answers to paragraphs 1 through 41 inclusive of the Complaint as though set forth in full.

25. Answering paragraph 43 of the Complaint, defendant alleges that the California Health & Safety Code contains section 19955 et seq and that those sections speak for themselves.  Defendant lacks sufficient information and belief to enable it to answer the remaining allegations of paragraph 43 of the Complaint, and based thereon, denies the remaining allegations of paragraph 43 of the Complaint.

26.  Paragraphs 44 and 45 of the Complaint are allegations regarding portions of the provisions of the California Health & Safety Code and Title II of the Americans with Disabilities Act and in answer to said paragraphs, defendant admits that the referenced code sections speak for themselves.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENCE

27. Answering paragraph 46 of the Complaint, defendant incorporate herein by this reference its answers to paragraphs 1 through 45 inclusive of the Complaint as though set forth in full.

28.  Defendant denies the allegations of paragraphs 47, 48 and 49 of the Complaint.

### AFFIRMATIVE DEFENSES

As for Affirmative Defenses, defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to Serve Civil Code Section 55.3 Advisory Notice)

1.  Defendant is informed and believes and based thereon alleges that the matters of

ANSWER TO COMPLAINT

which Plaintiff complains are "construction-related accessibility claims" within the meaning of California Civil Code Section 55.3, and that under Section 55.3(b)(1), the attorney of record herein for Plaintiff was required to serve defendants with an advisory form as set forth in Section 55.3 but has failed to do so.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

2.  Defendant is informed and believes and based thereon alleges that Plaintiff by his conduct is guilty of unclean hands, which completely bars or reduces recovery, if any, to which Plaintiff might otherwise have been entitled.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

3.  Defendant is informed and believe and based thereon alleges that Plaintiff, by his conduct, has failed to mitigate his damages and losses, if any, as alleged in the Complaint, and such failure to mitigate such damages completely bars or reduces the damages claimed by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

4.  Without admitting that Plaintiff has sustained any damage or detriment, or that Plaintiff is entitled to any relief pursuant to allegations set forth in the Complaint, or that defendants are liable to Plaintiff in any manner whatsoever, defendant is informed and believes and based thereon alleges that Plaintiff failed to take those precautions which would have avoided and/or diminished his damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5.  Defendant is informed and believe and based thereon alleges that by virtue of various acts and omissions committed by or on behalf of Plaintiff, Plaintiff's recovery, if any, is barred or reduced under the equitable doctrine of laches.

ANSWER TO COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.  Defendant is informed and believe and based thereon alleges that by virtue of various omissions and/or acts committed by or on behalf of Plaintiff, Plaintiff's recovery, if any, is barred or reduced under the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

7.  Without admitting that Plaintiff has sustained any damage or detriment, or that Plaintiff is entitled to any relief pursuant to allegations set forth in the Complaint, or that defendants are liable to Plaintiff in any manner whatsoever, defendant is informed and believe and based thereon alleges that Plaintiff was negligent in connection with the acts and omissions complained of and any liability must be reduced according to his proportion of fault.

## EIGHTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

8.  On information and belief, Defendant alleges that Plaintiff by its own acts and/or omissions assumed the risk of the action and alleged resulting damages.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Serve Civil Code Section 55.54 Advisory Notice)

9. California Civil Code Section 55.52(a)(1) states as follows: "Construction-related accessibility claim" means any civil claim in a civil action with respect to a place of public accommodation, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard, as defined in paragraph (6).  Section 55.52(a)(6) states that "Construction-related accessibility standard" means a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to persons with disabilities, including, but not limited to, any provision, standard, or regulation set forth in Section 51, 54, 54.1, or 55 of this code, Section 19955.5 of the

6
ANSWER TO COMPLAINT

Health and Safety Code, the California Building Standards Code (Title 24 of the California Code of Regulations), the federal Americans with Disabilities Act of 1990.  Defendant is informed and believes and based thereon alleges that the matters of which Plaintiff complains are "construction-related accessibility claims" within the meaning of these California Civil Code sections.

10.  Civil Code Section 55.54 required Plaintiff's attorney of record herein to serve defendants with the Notice required by California Civil Code Section 55.54 but failed to do so.

## **TENTH AFFIRMATIVE DEFENSE**

### **(De minimis/Technical Violations under Civil Code Section 55.56(e))**

11.  California Civil Code Section 55.56(a) states that "statutory damages under either subdivision (a) of Section 52 or subdivision (a) of Section 54.3 may be recovered in a construction-related accessibility claim against a place of public accommodation <u>only</u> <u>if</u> a violation or violations of one or more construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion."  Section 56(e) states as follows:

"(1) The following technical violations are presumed to not cause a person difficulty, discomfort, or embarrassment for the purpose of an award of minimum statutory damages in a construction-related accessibility claim, as set forth in subdivision (c), where the defendant is a small business, as described by subparagraph (B) of paragraph (2) of subdivision (g), the defendant has corrected, within 15 days of the service of a summons and complaint asserting a construction-related accessibility claim or receipt of a written notice, whichever is earlier, all of the technical violations that are the basis of the claim, and the claim is based on one or more of the following violations:

(A) Interior signs, other than directional signs or signs that identify the location of accessible elements, facilities, or features, when not all such elements, facilities, or features are accessible.

7

ANSWER TO COMPLAINT

(B) The lack of exterior signs, other than parking signs and directional signs, including signs that indicate the location of accessible pathways or entrance and exit doors when not all pathways, entrance and exit doors are accessible.

(C) The order in which parking signs are placed or the exact location or wording of parking signs, provided that the parking signs are clearly visible and indicate the location of accessible parking and van-accessible parking.

(D) The color of parking signs, provided that the color of the background contrasts with the color of the information on the sign.

(E) The color of parking lot striping, provided that it exists and provides sufficient contrast with the surface upon which it is applied to be reasonably visible.

(F) Faded, chipped, damaged, or deteriorated paint in otherwise fully compliant parking spaces and passenger access aisles in parking lots, provided that it indicates the required dimensions of a parking space or access aisle in a manner that is reasonably visible."

Defendant is informed and believes and based thereon alleges that both it and it's tenant are small businesses within the meaning of this Section and that the alleged violations are technical violations that are presumed to _not_ cause a person difficulty, discomfort, or embarrassment for the purpose of an award of minimum statutory damages in a construction-related accessibility claim," and that therefore, Plaintiff is not entitled to any damages.

## **PRAYER**

WHEREFORE, Defendant Sunlas Building, LLC prays for judgment against Plaintiff Yong Koo as follows:

1.    That Plaintiff take nothing by way of its Complaint as against Defendant;

2.    For attorneys' fees, litigation costs, and other permitted expenses and/or damages as provided for by the contracts and/or law;

3.    For costs of suit incurred herein; and

//

//

4.      For such other further relief as the Court may deem just and proper.

Dated: April 17, 2019                    LAW OFFICE OF JULIE A. HERZOG


By:____*Julie A. Herzog*_____
Julie A. Herzog, Attorney for Defendant

ANSWER TO COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

 I am employed in the county of Los Angeles, State of California.  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within actions; my business address is 18980 Ventura Boulevard, Second Floor, #230, Tarzana, CA 91356.

 On April 17, 2019, I served the document(s) entitled on the interested parties in this action by placing true copies thereof in a sealed envelope(s) addressed as stated below:

ADVANCED DISABILITY ADVOCATES
Kevin Hong, Esq.
3010 Wilshire Blvd. #516
Los Angeles, CA 90010
adadvocates@gmail.com

**[X] (BY MAIL)**: I deposited such envelope in the mail at Woodland Hills, California. The envelope was mailed with postage fully prepaid.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**[ ] (BY FACSIMILE TRANSMISSION)**:  I caused a true copy thereof to be sent via facsimile to the attached listed names and facsimile numbers and received confirmed transmission reports indicating that this document was successfully transmitted to the parties.

**[X] (VIA EMAIL)** I caused a copy of the document to be emailed to Plaintiff's attorney of record at the above-listed email address.
.

 I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and was executed on April 17, 2019 at Tarzana, California.


        _____*Julie A. Herzog*_____
        Julie A. Herzog

ANSWER TO COMPLAINT